## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **BRADLEY J. BROWN** | **CIVIL ACTION NO. 06-0336** |
| **VERSUS** | **JUDGE HAIK** |
| **WARDEN BURL CAIN** | **MAGISTRATE JUDGE METHVIN** |

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of *habeas corpus* filed on March 2, 2006, by *pro se* petitioner, Bradley J. Brown, pursuant to 28 U.S.C. §2254. Respondent, through the District Attorney for the Twenty-Seventh Judicial District of Louisiana for St. Landry Parish, filed an answer and a memorandum in opposition to the petition.[1] For the following reasons, it is recommended that petitioner's *habeas* claims be **DENIED AND DISMISSED WITH PREJUDICE.**

### *Factual and Procedural History*

On March 30, 2002, Michelle Milby was murdered in front of her two children ages two and three, in her home in Arnaudville, Louisiana. On May 29, 2002, petitioner Bradley Brown was indicted for second degree murder and was convicted of that charge on November 7, 2002, following a jury trial in the Twenty-Seventh Judicial District Court for St. Landry Parish. He was sentenced to life in prison.

---

[1] Rec. Doc. 14.

*Direct Appeal*

Petitioner appealed his conviction and sentence to the Third Circuit Court of Appeals raising the following errors: (1) the trial court erred when it granted the State's Batson [2] challenge and when it denied three of petitioner's peremptory challenges, and, (2) the trial court erred when it denied petitioner's motion to suppress statements and other evidence.[3] Petitioner's conviction was affirmed in an unpublished opinion of the Third Circuit dated June 25, 2003. *See* State of Louisiana v. Bradley Joseph Brown, 2003-00141 (La. App. 3 Cir. 6/25/2003), 848 So.2d 170 (table).[4] The Louisiana Supreme Court denied relief on January 16, 2004. State of Louisiana v. Bradley Joseph Brown, 2003-2089 (La. 1/16/2004), 864 So.2d. 627.[5]

*Application for Post-Conviction Relief*

On December 3, 2004, petitioner filed an application for post conviction relief in the trial court, raising the following claims for relief: (1) ineffective assistance of counsel for failing to hire a fingerprint expert; (2) ineffective assistance of counsel for failing to hire a DNA expert; and (3) the trial court erred when it did not perform its "gate keeping" responsibility to exclude

---

[2] In Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), the Supreme Court held that neither the prosecution nor the defendant may exercise a challenge to remove a potential juror solely on the basis of the juror's race.

[3] Exhibit to Rec. Doc. 14 at pps. 1077-1091.

[4] Exhibit to Rec. Doc. 14 at pps. 951-972.

[5] Exhibit to Rec. Doc. 14 at p. 1101.

unreliable opinion evidence in violation of <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 113 S.Ct. 2786.[6] The trial court denied relief on January 5, 2005, concluding:

> Upon a review of the pertinent facts and applicable law, there is no justification for reversal of the case. The petitioner must show both that the counsel's representation fell below an objective standard of reasonableness, *Strickland*, 466 U.S. at 688, 104 S.Ct. at 2044-46, and that there exists a reasonable probability that, but for counsel's unprofessional errors the result of the proceeding would have been different. *Id.* at 694, 104 S.Ct., at 2068. The court is of the opinion that petitioner was not deprived of effective assistance of counsel as guaranteed by the United States and Louisiana Constitution. Furthermore, the court is not convinced that petitioner was unduly prejudiced by counsel's inactions.[7]

Petitioner sought review in the Third Circuit Court of Appeals, which reached the merits of petitioner's claims and denied the application for writs, finding that:

> Relator failed to prove that trial counsel was ineffective for failing to hire an expert in fingerprint analysis and DNA. Relator has not shown "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." <u>Strickland v. Washington</u>, 104 S.Ct. 2052 (1984). Additionally, the trial court did not abuse its discretion when accepting Carolyn Booker as an expert in the field of forensic science with a specialty in forensic serology and DNA analysis. Furthermore, Ms. Booker's testimony regarding fingerprints was permissible as lay testimony pursuant to La.Code Evid. art. 701.[8]

The Supreme Court denied petitioner's application for supervisory writ on February 3, 2006.

<u>State ex rel. Bradley Brown v. State of Louisiana</u>, 2005-1220 (La. 2/3/2006), 922 So.2d 1170.[9]

---

[6] Exhibit to Rec. Doc. 14 at pps. 973-995.

[7] Exhibit to Rec. Doc. 14 at p. 1014.

[8] Exhibit to Rec. Doc. 14 at p. 1104.

[9] Exhibit to Rec. Doc. 14 at p. 1108..

## *Issues Presented*

Petitioner challenges his conviction and sentence on the following grounds:

(1) conviction obtained in violation of the Constitution when the State relied in the statements of petitioner and evidence seized upon his arrest for which there was not probable cause;

(2) ineffective assistance of counsel when counsel failed to retain an expert in fingerprint analysis; and

(3) ineffective assistance of counsel when counsel failed to retain an expert in the field of forensic science.

Petitioner presented these issues to Louisiana's highest court and has therefore exhausted his state remedies.

## *Standard of Review*

Because Brown filed his federal habeas petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal habeas review is governed by AEDPA.

Under AEDPA, habeas relief is not available to a state prisoner on a claim which was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § §2254(d)(1) and (2).

Questions of law and mixed questions of law and fact are reviewed under §2254(d)(1), and questions of fact are reviewed under §2254(d)(2). Hill v. Johnson, 210 F.3d 481, 485 (5th Cir.2000), *cert. denied*, 532 U.S. 1039, 121 S.Ct. 2001, 149 L.Ed.2d 1004 (2001).

A state court decision is contrary to federal law within the meaning of §2254(d)(1) if the state court applies a rule that contradicts the governing law set forth in the Supreme Court's cases, or the state court "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent." Williams v. Taylor, 529 U.S. 362, 405-06, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

Under §2254(d)(2), a state court's factual findings constitute "an unreasonable application of clearly established" Supreme Court precedent if the state court "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Id. at 407-08. The inquiry into unreasonableness is objective. Id. at 409-10. A state court's incorrect application of clearly established Supreme Court precedent is not enough to warrant federal habeas relief – the application must also be unreasonable. Id. at 410-12.

The state court's factual findings are presumed to be correct. 28 U.S.C. §2254(e)(1). In order to obtain habeas relief on the §2254(d)(2) ground that the state court's decision was based on an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding," the petitioner must rebut by clear and convincing evidence the §2254(e)(1) presumption that the state court's factual findings are correct. *See* Dowthitt v. Johnson, 230 F.3d 733, 741 (5th Cir.2000).

"[U]nder the deferential standard of AEDPA, [federal courts] review only the state court's decision, not its reasoning or written opinion, to determine whether it is contrary to or a misapplication of clearly established federal law." Catalan v. Cockrell, 315 F.3d 491, 493 (5th Cir. 2002).

Upon review of the record and the law, the undersigned concludes that the record is sufficient, that no evidentiary hearing is required, and that petitioner is not entitled to relief.[10]

*Claim 1: Evidence seized during his arrest*

Petitioner argues that his that his arrest was unlawful and therefore the state should not have been allowed to rely on the evidence obtained upon his arrest. Petitioner maintains that there was no probable cause to arrest him because the testimony elicited at the evidentiary hearing on his motion to suppress established that the arresting officers relied upon an identification by a witness that was equivocal.

In Stone v. Powell, 428 U.S. 465 (1976), the United States Supreme Court held, "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search and seizure was introduced at trial." Id. at 494 (footnote omitted); see also Janecka v. Cockrell, 301 F.3d 316, 320 (5th Cir.2002); Hughes v. Dretke, 412 F.3d 582, 596 (5th Cir. 2005). In order to obtain relief in federal court, a petitioner must plead

---

[10] Whether to hold an evidentiary hearing is now a statutorily mandated determination under 28 U.S.C. §2254(e)(2). This subsection provides that the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

and prove that the state court proceeding was inadequate and did not provide a full and fair opportunity to litigate his Fourth Amendment claim. See Davis v. Blackburn, 803 F.2d 1371, 1372 (5th Cir.1986) (per curiam). Where facts are in dispute, full and fair consideration requires consideration by the fact-finder, and at least the availability of meaningful appellate review by a higher state court. O'Berry v. Wainwright, 546 F.2d 1204, 1213 (5th Cir.); Davis v. Blackburn, 803 F.2d 807, 808 (5th Cir.1986). The Stone bar applies even if the state court rulings regarding the Fourth Amendment claims were in fact erroneous. Swicegood v. Alabama, 577 F.2d 1322, 1324 (5th Cir.1978).

In state court, petitioner filed a motion to suppress inculpatory statements and physical evidence obtained during his arrest because the arrest was not based on probable cause. After the hearing on the motion to suppress, the trial court ruled:

> The court heard from a number of witnesses at the hearing on the Motion to Suppress. ***
>
> The defendant was seen by Ms. Stelly running through the neighbor's yard. When Ms. Stelly was shown a snapshot of the defendant, she said that the man in the photo looked familiar. At the Motion to Suppress hearing, Ms. Stelly testified that the defendant looked like the person that she saw running through her neighbor's yard during the time of the murder.
>
> Officers were then on the lookout for the defendant as a possible suspect. The defendant was subsequently arrested at his mother's home. He was advised of his Miranda Rights and subsequently signed the rights forms, not once, but twice.
>
> The Court finds that there was probable cause to arrest the defendant. The Court also finds that the defendant's statements were given freely and voluntarily.[11]

---

[11] Exhibit to Rec. Doc. 14 at pps. 86-87.

In his direct appeal to the Third Circuit, petitioner raised the issue concerning the trial court's denial of his motion to suppress. The Third Circuit reviewed the hearing testimony and applicable law and concluded:

> The testimony of various State witnesses indicated that the local police chief, Mike Duplechain, showed a photograph of the defendant to Phyllis Stelly, a neighborhood woman who saw the defendant in an area near the murder shortly after it occurred. Duplechain then told Deputy Rene Speyrer that Stelly had identified the defendant as the man she had seen. Speyrer, in turn, passed the information on to [Officer] Meche.[12]
>
> * * *
>
> When he arrived at the defendant's residence, Meche had information relayed via other law enforcement officers that the defendant had been positively identified. However, as the colloquy above shows, Stelly's identification appears to have been equivocal. The gist of the defendant's argument is that, since Stelly's identification of the defendant was equivocal, it could not form the basis for probable cause. The Supreme Court has held that probable cause for an arrest does not rely upon the officer's subjective beliefs, but turns on an objective evaluation of all of the circumstances known to the officer at the time of the arrest. *State v. Kalie*, 96-2650 (La. 9/19/97), 699 So. 2d 879.
>
> When the officers encountered the defendant at his home, he voluntarily exited the home. At that time the officers advised him he was a suspect in a murder committed in Arnaudville. The officers had been advised that the defendant had been identified by a resident as having been in the area of the murder although the identification in fact was not as strong as they believed. The officers knew the perpetrator of the offense was actively bleeding when he left the crime scene. When the officer started to put the handcuffs on the defendant he saw a fresh, deep laceration on his hand. At that time the officers clearly had probable cause to effect a warrantless arrest. The actual arrest occurred when the handcuffs were placed on the defendant. He clearly was not free to leave at that time.
>
> Before leaving the scene of the arrest, the defendant was verbally advised of his rights pursuant to Miranda. Subsequently, he was read his rights from a Miranda form which he signed.

---

[12] Exhibit to Rec. Doc. 14 at p. 968.

> We find the warrantless arrest legal and based on probable cause. Any statement given by defendant would not be rendered inadmissible by the arrest.
>
> The defendant was arrested in the yard of his mother's home. He was transported to the sheriff's office and indicated he wanted to give a statement. Detective Craig Ortego re-Mirandized him and took the statement.
>
> After placing him under arrest, but before leaving the yard with him, Officer Meche learned of an outstanding warrant on the defendant. Obviously, the officer learned of the warrant prior to the defendant being transported to the sheriff's office and prior to his giving a statement. Even if the arrest had not been supported by probable cause, and we specifically find it was, the arrest warrant discovered after the arrest but prior to the taking of the statement would have been an intervening circumstance that dissipated the taint of any illegal detention. *State v. Hill*, 97-2551 (La. 11/16/98), 725 So.2d 1282.[13]

The foregoing shows that petitioner was afforded a full and fair opportunity to litigate his illegal arrest claim. His attorney filed a pre-trial motion to suppress and was afforded an evidentiary hearing. Further, petitioner appealed the denial of his motion to suppress to the Third Circuit. The state courts found that the petitioner was arrested based on probable cause, that his arrest was legal, and that the evidence obtained at the time of the arrest was admissible at trial. Clearly, petitioner had a full and fair opportunity to litigate his Fourth Amendment claim. Accordingly, the doctrine set forth in <u>Stone</u> dictates that petitioner is barred from obtaining federal habeas relief on this claim.

Moreover, even if petitioner was not barred from raising this claim, and assuming *arguendo* that the trial court was in error regarding his motion to suppress, "errors of state law, including evidentiary errors, are not cognizable in habeas corpus as such." <u>Derden v. McNeel</u>, 978 F.2d 1453 (5th Cir.1992), *cert. denied,* 508 U.S. 960, 113 S.Ct. 2928, 124 L.Ed.2d 679

---

[13] Exhibit to Rec. Doc. 14 at pps. 971-972.

(1993), *citing* Estelle v. McGuire, 502 U.S. 62, 67, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991) (other citation omitted). An erroneous state court evidentiary ruling rises to a constitutional level if it renders the petitioner's trial fundamentally unfair. Gochicoa v. Johnson, 118 F.3d 440, 446 (5th Cir.1997), *citing* Cupit v. Whitley, 28 F.3d 532, 536 (5th Cir.1994), *cert. denied,* 513 U.S. 1163, 115 S.Ct. 1128, 130 L.Ed.2d 1091 (1995). The Fifth Circuit defines an "unfair trial" as "one that has been 'largely robbed of dignity due a rational process.'" Johnson v. Blackburn, 778 F.2d 1044, 1050 (5th Cir.1985), *quoting* Houston v. Estelle, 569 F.2d 372, 383 (5th Cir.1984).

In federal habeas review, the district court must apply a harmless-error analysis to allegations of trial court error. Goodwin v. Johnson, 132 F.3d 162, 181 (5th Cir. 1997)*, citing* Brecht v. Abrahamson, 507 U.S. 619, 629, 113 S.Ct. 1710, 1716 123 L.Ed.2d 353 (1993), *quoting* Arizona v. Fulminante, 499 U.S. 279, 307-08, 111 S.Ct. 1246, 1263-64, 113 L.Ed.2d 302 (1991)). The court must determine whether the error "'had substantial and injurious effect or influence in determining the jury's verdict.'" Brecht, 507 U.S. at 620, 113 S.Ct. at 1712, *quoting* Kotteakos v. United States, 328 U.S. 750, 776, 66 S.Ct. 1239, 1253, 90 L.Ed. 1557 (1946).

Applying the harmless-error analysis to the facts presented, the undersigned concludes that even if denial of the motion to suppress was in error, it did not have "substantial and injurious effect or influence in determining the jury's verdict." Brecht, 507 U.S. at 620, 113 S.Ct. at 1712. There was more than sufficient evidence for the jury to conclude that petitioner was guilty: Petitioner's palm print, made with the victim's blood, was found in the victim's home;[14] The knife that was found under the victim at the time of her death had blood of two people and

---

[14] Exhibit to Rec. Doc. 14 at pps. 548-550; 602.

experts could not rule out that it was the victim's and petitioner's blood;[15] Petitioner's blood was found on the victim's neighbor's carport; An eye witness testified at trial that petitioner was on the neighbor's carport near the time of the murder, and that petitioner was holding his left hand in a bandage;[16] At the time of his arrest, petitioner had a cut on his left hand. The undersigned concludes that the foregoing evidence, which was unrelated to the motion to suppress, provided a sufficient basis for the jury to determine that petitioner was guilty. It is, therefore, recommended that petitioner's claim be DENIED.

### *Claims 2 & 3: Ineffective assistance of counsel*

Petitioner contends that he was denied the effective assistance of counsel due to counsel's failure to hire an expert in fingerprint analysis and in the field of forensic science. Petitioner maintains that in order for counsel to effectively cross-examine the State's expert witnesses and to counter those witnesses' testimony, counsel should have retained expert witnesses. Petitioner also argues that counsel failed to adequately attack the State's experts' qualifications or otherwise ensure that the experts' gave reliable testimony according to Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).

To prevail on an ineffective assistance of counsel claim, a petitioner must establish that (1) his attorney's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052,

---

[15] Exhibit to Rec. Doc. 14 at pps. 603-604.

[16] Exhibit to Rec. Doc. 14 at pps. 645-653.

2064, 80 L.Ed. 2d 674 (1984). The burden is on the petitioner to show that counsel's representation fell below an objective standard of reasonableness. Id. at 688. The court's scrutiny shall be "highly deferential" and the court must apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689-90. *See also* Marler v. Blackburn, 777 F.2d 1007, 1010 (5th Cir. 1985). A *habeas* court must be careful not to second guess legitimate strategic choices made by defense counsel which under the light of hindsight seem ill-advised and unreasonable. Sawyer v. Butler, 848 F. 2d 582, 587-88 (5th Cir. 1988).

The Strickland court outlined the extent of prejudice that must be established by the defendant:

> An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of the criminal proceeding if the error had no effect on the judgment. *Cf.* United States .v Morrison, 449 U.S. 361, 364-65 (1981).
>
> Defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability exists if the probability is sufficient to undermine confidence in the outcome.
>
> When a defendant challenges a conviction , the question is whether there is reasonable probability that absent the errors the fact-finder would have a reasonable doubt respecting guilt.

Strickland, supra, at pages 691, 694-95; *see also* Taylor v. Maggio, 727 F.2d 341 (5th Cir. 1984); U.S. v. Diaz, 733 F. 2d 371 (5th Cir. 1984).

Strickland's prejudice element requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the

outcome." Sayre v. Anderson, 238 F.3d 631, 635 (5th Cir. 2001), *citing* Strickland, 104 S.Ct. at 2068. However, self serving conclusory statements that the outcome would have been different "fall far short of satisfying Strickland's prejudice element. Id.

Because both Strickland factors, that of deficient performance and prejudice, must be satisfied, an ineffective assistance contention may be rejected on an insufficient showing of deficient performance or prejudice. Strickland, supra.

When the effectiveness of counsel is at issue, although the ultimate question of whether counsel's performance was deficient and prejudicial is a mixed question of law and fact, state court findings of fact made in the course of deciding an ineffectiveness claim are subject to the deference requirement of §§ 2254(e)(1). *See* Strickland, 466 U.S. at 698, 104 S.Ct. 2052; Nobles v. Johnson, 127 F.3d 409, 418 (5th Cir.1997), *cert. denied,* 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998)); Motley v. Collins, 18 F.3d 1223, 1226 (5th Cir.), *cert. denied,* 513 U.S. 960, 115 S.Ct. 418, 130 L.Ed.2d 333 (1994); Carter v. Collins, 918 F.2d 1198, 1202 (5th Cir.1990).

Considering the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance and that a *habeas* court must be careful not to second guess legitimate strategic choices made by defense counsel, the undersigned concludes that petitioner's trial counsel's performance was not deficient. *See* Strickland, supra; Sawyer v. Butler, 848 F. 2d at 587. Petitioner argues that his counsel was ineffective for failing to cross-examine the state's

fingerprint and DNA experts.[17] The record shows, however, that defense counsel questioned these witnesses in an attempt to determine their qualifications, and he cross-examined them regarding their testimony regarding the substantive issues.[18] These witnesses had been accepted as experts on numerous occasions by Louisiana courts, and in this case the Third Circuit found no error in allowing the expert testimony.[19]

Moreover, petitioner argues that counsel should have requested funding to retain fingerprint and forensic experts to testify on behalf of the defense. The State is not required to furnish a criminal defendant with a non-psychiatric expert upon demand. Rather, such experts should be provided only if the evidence is both critical and subject to varying expert opinion. However, the defendant must demonstrate more than a mere possibility of assistance from a requested expert. Yohey v. Collins, 985 F.2d 222, 227 (5th Cir. 1993). Petitioner has failed to show that any fingerprint and/or DNA expert would have testified that the print and blood found in the Milby home did not in fact belong to petitioner. Petitioner's conclusory allegations that

---

[17] Exhibit to Rec. Doc. 14 at p. 1104. Petitioner also mentions that counsel should have questioned the experts concerning the chain of custody of the objects on which the print and blood were found. Challenges to the admissibility of evidence based on an improper chain of custody involve matters of state evidentiary law, and defects in the chain of custody alone normally do not rise to the level of a constitutional deprivation. *See* Taylor v. Maggio, 581 F.Supp. 359, 365-66 (E.D.La.), appeal dismissed, 727 F.2d 341 (5th Cir.1984) ("States have traditionally been afforded substantial latitude in fashioning their own rules of evidence and criminal procedure. Therefore, questions relating to the admissibility of evidence are matters of State law and generally do not give rise to constitutional errors which are subject to redress in Federal habeas corpus proceedings.") An erroneous state court evidentiary ruling rises to a constitutional level if it renders the petitioner's trial fundamentally unfair. Gochicoa v. Johnson, 118 F.3d 440, 446 (5th Cir.1997), *citing* Cupit v. Whitley, 28 F.3d 532, 536 (5th Cir.1994), *cert. denied,* 513 U.S. 1163, 115 S.Ct. 1128, 130 L.Ed.2d 1091 (1995). In this case, petitioner has failed to show that there was an evidentiary error, that such error rendered his trial fundamentally unfair, or otherwise establish that counsel was ineffective for failing to object to the chain of custody of evidence.

[18] Exhibit to Rec. Doc. 14 at pps. 534-536, 550-552, 566-567, 570-572, 578-581.

[19] Exhibit to Rec. Doc. 14 at p. 1104.

expert testimony would have been beneficial for various reasons are not sufficient. *See* <u>Ross v. Estelle</u>, 694 F.2d 1008, 1012 (5th Cir.1983) (emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings); *see also*, <u>Alexander v. McCotter</u>, 775 F.2d 595, 602 (5th Cir.1985) ("for the appellant to demonstrate the requisite Strickland prejudice, the appellant must show not only that this testimony would have been favorable, but also that the witness would have testified at trial."); *see also* <u>Crane v. Johnson</u>, 178 F.3d 309, 315 (5th Cir. 1999) ("[E]ven assuming that trial counsel erred in failing to seek the appointment of a confidential mental health expert, Crane has not shown how he suffered prejudice from this failure. Crane produced no persuasive psychiatric evidence in the district court that if produced at trial, would have undermined confidence in the resulting verdict.); *see also* <u>Martin v. McCotter</u>, 796 F.2d 813, 819 (5th Cir.1986) ("hypothetical or theoretical testimony will not justify the issuance of a writ").

Additionally, trial counsel's decision not to call certain witnesses, present evidence, or object to testimony is clearly a strategic trial move. As discussed above, petitioner fails to offer any information regarding witnesses who could have been called to testify on his behalf or evidence that existed which showed he was not guilty. Petitioner fails to offer any evidence or argument that had counsel performed differently, the result of the case would have been different. Accordingly, these claims are without merit.

## *Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that petitioner's claims be **DENIED** and **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from receipt of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after receipt of a copy of any objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of receipt, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana, on October 5, 2006.

*[signature]*

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)